IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERSAR ENVIRONMENTAL SERVICES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLACK & VEATCH SPECIAL PROJECTS CORP.,<br><br>　　　　Defendant. | C.A. No. 23-1450-RGA |

**STIPULATION AND ORDER REGARDING ESI DISCOVERY**

1. **General Provisions**

　　a. **Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

　　b. **Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce discoverable information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

c. **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

(ii) Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

d. **Privilege.**

(i) The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv) Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2. **Initial Disclosures.** Within 30 days after the Rule 16 Conference, each party shall disclose:

    a. **Custodians.** The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

    b. **Non-custodial data sources.**[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

    c. **Notice.** The parties shall identify any issues relating to:

        (i) Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

        (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

        (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

    Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

3. **Specific E-Discovery Issues.**

    a. **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    b. **Search methodology.** The parties shall agree upon custodians and search terms prior to their search for documents, subject to negotiation of a reasonable scope of documents for review.

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

   c. **Format.**

      1. Image format: Responsive, non-privileged ESI will be produced as single page color TIFF images, if the ESI contains color. If the non-privileged ESI contains no color, the ESI will be produced as Group IV single page black and white TIFF images.

      2. Text Files: For each document, a document-level text file (extracted text if available in the native file, or OCR for documents without extractable text and for redacted documents) will be produced. Each text file will be named for the beginning Bates number of its corresponding document.

      3. Database load files: A Concordance load file will be provided that includes the metadata fields listed below, which will be populated to the extent data exists and is not subject to a claim of privilege:

          BegBates

          EndBates

          BegAttach (for emails/attachments)

          EndAttach (for emails/attachments)

          Hashvalue [MD5 Hash]

          CustodiansAll (all custodians of a produced document)

          From

          To

        CC

        BCC

        Subject

        SentDate

        Author (for attachments and loose documents only)

        FileName [Title] (for attachments and loose documents only)

        FileCreatedDate (for attachments and loose documents only)

        FileLastModifiedDate (for attachments and loose documents only)

        File Extension

        NativeLink (for any native file produced)

    d.  **Native files.** Non-redacted Microsoft Excel or other spreadsheet files will be produced in native format. Additionally, other file types not capable of being converted to image format such as multimedia files, audio files, video files, and drawing files will be produced in native form. The producing party will provide a Bates-numbered TIFF placeholder image and will name the produced native file with the same Bates number as the placeholder image plus any confidentiality designation made pursuant to the parties' agreement.

    Example:  ABC_0000001_Confidential.xlsx

The "FileName" metadata provided for documents produced in native format will be the original file name of the native document.

    e.  **Hard copy documents.** Hard copy documents will be produced as Group IV black and white single page TIFF images with document level text files, in Concordance load file format as specified above, and containing the following metadata fields:

    BegBates

5

EndBates

CustodiansAll (custodian of document)

f.  **Document Family Groups.** All document family groups (e.g., email attachments, embedded files, etc.), shall be produced together, and child files shall follow parent files sequentially by Bates number. If a parent document is privileged and protected from discovery, the children shall be considered privileged unless they are responsive, unprivileged documents produced nowhere else. In that event, the producing Party may produce the unprivileged child document without the parent or redact the parent document as necessary to protect the evidentiary privilege. When a top-level email parent is privileged and contains an unprivileged e-mail or thread embedded within it (such as a forwarded message), a Party may withhold the parent entirely as privileged if the unprivileged email contained in the thread is produced elsewhere as an unprivileged document.

# SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary Internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Electronic mail or text messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

8. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

9. Logs of calls made from mobile devices.

10. Server, system or network logs.

11. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

12. Data remaining from systems no longer in use that is unintelligible on the systems in use.

Dated: March 6, 2026

| | |
|---|---|
| */s/ Daniel A. Taylor* | */s/ Christine D. Haynes* |
| Daniel A. Tayor (#6934) | Jeffrey L. Moyer (#3309) |
| Megan Ix Brison (#6721) | Brock E. Czeschin (#3938) |
| SMITH, KATZENSTEIN & JENKINS LLP | Christine D. Haynes (#4697) |
| 1000 North West Street | RICHARDS, LAYTON & FINGER, P.A. |
| Suite 1501 | 920 North King Street |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 652-8400 | (302) 651-7700 |
| dat@skjlaw.com | moyer@rlf.com |
| mib@skjlaw.com | czeschin@rlf.com |
| | haynes@rlf.com |

*Attorneys for Plaintiff Versar Environmental Services, LLC*

*Attorneys for Defendant Black & Veatch Special Projects Corp.*

IT IS SO ORDERED this  9th day of March, 2026

/s/ Richard G. Andrews
The Honorable Richard G. Andrews
United States District Judge