**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VERSAR ENVIRONMENTAL SERVICES, LLC | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 23-1450-RGA |
| BLACK & VEATCH SPECIAL PROJECTS CORP. | : | |
| Defendant. | : | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT VERSAR ENVIRONMENTAL SERVICES, LLC'S ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF BLACK & VEATCH SPECIAL PROJECTS CORP.'S AMENDED COUNTERCLAIM**

Plaintiff/Counterclaim Defendant Versar Environmental Services, LLC ("Versar"), through undersigned counsel, submits the following Answer to the allegations in Defendant/Counterclaim Plaintiff Black & Veatch Special Projects Corp.'s ("BVSPC") Amended Counterclaim, dated August 14, 2026 [D.I. 61].

## AMENDED COUNTERCLAIMS

1. The allegations in Paragraph 1 characterize BVSPC's Amended Counterclaims, which are in a pleading that speaks for itself. To the extent a response is required, the allegations in Paragraph 1 are denied, as Versar did not breach either the Asset Purchase Agreement ("APA"), including, the APA's purchase price adjustment terms, or the June 21, 2021 Subordinated Promissory Note (the "Promissory Note"). Furthermore, BVSPC is not entitled to damages, indemnification, or any costs of enforcement provided under either agreement.

## PARTIES

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 set forth a legal conclusion to which no response is required. To the extent a response is required, Versar admits the Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00 and the Parties are jurisdictionally diverse.

5. The allegations in Paragraph 5 set forth a legal conclusion to which no response is required. To the extent a response is required, Versar admits that venue is proper in this Court.

## RELEVANT FACTS

### I. Versar's Breach of the APA's Purchase Price Adjustment Terms

6. Admitted.

7. The allegations in Paragraph 7 purport to characterize the APA, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 7 to the extent they are inconsistent with the express terms of the APA. Moreover, Versar denies that BVSPC is entitled to any payment from Versar under the APA or the Promissory Note. Any remaining allegations in Paragraph 7 are denied.

8. The allegations in Paragraph 8 purport to characterize the APA, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 8 to the extent they are inconsistent with the express terms of the APA.

9. Denied.

10. Versar admits only that it received what BVSPC purports to characterize as a working capital calculation. The remaining allegations in Paragraph 10 are denied.

11. Versar admits only that it provided its position on the working capital at Closing on October 27, 2021. However, Versar denies that its position on working capital was untimely. Any remaining allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 characterize a document, which Versar provided to BVSPC, that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 12 to the extent they are inconsistent with the express terms of the referenced document. The remaining allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 consist of legal conclusions and characterizations of the APA to which no response is required. To the extent a response is required, Versar denies the allegations in Paragraph 13 to the extent they are inconsistent with the express terms of the APA. The remaining allegations in Paragraph 13 are also denied.

14. Versar admits only that BVSPC provided Versar with what BVSPC purports to characterize as its calculation of adjusted working capital after Closing. The remaining allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 characterize a document, the contents of which speak for itself, as well as Versar's purported legal obligations under the APA. To the extent a response is required, Versar denies the allegations in Paragraph 15 to the extent they are inconsistent with the express terms of the referenced document and with the APA. Versar also denies the accuracy of BVSPC's calculations in Paragraph 15. Further, the remaining allegations in Paragraph 15 are denied.

16. Versar admits only that it received a letter from BVSPC, dated November 18, 2021. The remaining allegations purport to characterize a letter that speaks for itself. The allegations in Paragraph 16 also purport to characterize Versar's obligations under the APA, which is a document

that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 16 because the letter dated November 18, 2021 contains inaccurate and false representations made by BVSPC, and because BVSPC's allegations are inconsistent with the express terms of the APA. The remaining allegations in Paragraph 16 are also denied.

17. Denied.

**II. Versar's Breach of the Promissory Note**

18. The allegations in Paragraph 18 purport to characterize the APA, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 18 to the extent they are inconsistent with the express terms of the APA.

19. The allegations in Paragraph 19 purport to characterize the Promissory Note, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 19 to the extent they are inconsistent with the express terms of the Promissory Note. By way of further response, the Promissory Note is the product of fraud on the part of BVSPC; therefore, BVSPC is not entitled to any payment from Versar.

20. The allegations in Paragraph 20 purport to characterize the Promissory Note, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 20 to the extent they are inconsistent with the express terms of the Promissory Note.

21. The allegations in Paragraph 21 purport to characterize the Promissory Note, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 21 to the extent they are inconsistent with the express terms of the Promissory Note.

22. The allegations in Paragraph 22 purport to characterize the Promissory Note, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 22 to the extent they are inconsistent with the express terms of the Promissory Note. The remaining allegations in Paragraph 22, including BVSPC's alleged entitlement to any "expenses, costs, charges, disbursements, and reasonable attorneys' fees," are denied

23. Versar admits only that it has not paid BVSPC under the Promissory Note, either of principal or interest. The Promissory Note is the product of fraud on the part of BVSPC; therefore, BVSPC is not entitled to any payment. The remaining allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 purport to characterize the June 28, 2026 written correspondence from BVSPC to Versar, the terms of which speak for itself. To the extent a response is required, Versar denies the allegations in Paragraph 24 to the extent they are inconsistent with the written correspondence. The remaining allegations in Paragraph 24, including any allegation that BVSPC was entitled to payment from Versar under the Promissory Note or that Versar breached its obligations under the Promissory Note, are denied.

25. Versar admits only that on July 2, 2026, Versar acknowledged to BVSPC receipt of the June 28, 2026 written correspondence. The remaining allegations in Paragraph 25 are denied.

26. Versar admits that it has not made payment to BVSPC, either of principal or interest, under the Promissory Note. The Promissory Note is the product of fraud; therefore, BVSPC is not entitled to any payment. The remaining allegations in Paragraph 26 are denied.

**COUNTERCLAIM I: BREACH OF THE APA**

27. Versar incorporates its responses to Paragraphs 1-26 of the Amended Counterclaim as though fully set forth herein.

28. Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Versar denies the allegations.

29. Denied.

30. Denied.

31. Versar admits only that BVSPC provided Versar with what BVSPC purports to characterize as a calculation of Closing Working Capital. The remaining allegations in Paragraph 31 purport to characterize a document (BVSPC's November 18, 2021 letter) that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 31 because they are based on inaccurate and false statements contained in BVSPC's November 18, 2021 letter. The remaining allegations in Paragraph 31 are also denied.

32. Denied.

33. Denied.

**COUNTERCLAIM II: INDEMNIFICATION (BREACH OF THE APA)**

34. Versar incorporates its responses to Paragraphs 1-33 of the Amended Counterclaim as though fully set forth herein.

35. Paragraph 35 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Versar denies the allegations.

36. The allegations in Paragraph 36 purport to characterize the APA, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 36 to the extent they are inconsistent with the express terms of the APA. The

remaining allegations in Paragraph 36, including that BVSPC is entitled to any indemnification from Versar, are denied.

37. Denied.

38. Denied.

**COUNTERCLAIM III: BREACH OF THE PROMISSORY NOTE**

39. Versar incorporates its responses to Paragraphs 1-38 of the Amended Counterclaim as though fully set forth herein.

40. Denied. The Promissory Note is the invalid, unenforceable product of fraud on the part of BVSPC.

41. The allegations in Paragraph 41 purport to characterize the Promissory Note, which is a document that speaks for itself. To the extent a response is required, Versar denies the allegations in Paragraph 41 to the extent they are inconsistent with the express terms of the Promissory Note. The remaining allegations in Paragraph 41, including that BVSPC is entitled to any payment from Versar under the Promissory Note, are denied.

42. Denied. The Promissory Note is the product of fraud. BVSPC was not entitled to any payment from Versar under the Promissory Note.

43. Denied.

44. Denied.

**COUNTERCLAIM RELIEF REQUESTED**

45. Versar denies that BVSPC is entitled to the relief requested in Paragraph 45(a)-(f).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

BVSPC's claims are barred because Versar satisfied its contractual obligations under the APA.

### THIRD DEFENSE

BVSPC's claims are barred because BVSPC failed to satisfy its contractual obligations under the APA.

### FOURTH DEFENSE

The relief sought in the Amended Counterclaim is barred, in whole or in part, by BVSPC's failure to mitigate damages.

### FIFTH DEFENSE

BVSPC's claims are barred, in whole or in part, because its claimed damages were not caused by Versar (or its agents or employees).

### SIXTH DEFENSE

The alleged damages suffered by BVSPC, if any, are attributable, in whole or in part, to conduct by BVSPC or persons or entities other than Versar. This specifically includes, but is not limited to, the fact that BVSPC's fraudulent conduct in connection with the transaction at issue in this matter precludes any potential right for BVSPC to claim a net working capital adjustment under the Purchase Price Adjustment provision in the APA. BVSPC's fraudulent conduct in

connection with the transaction also bars any entitlement BVSPC may otherwise have to payment from Versar under the Promissory Note.

**SEVENTH DEFENSE**

BVSPC is barred by the APA (Section 7.1: Expenses) and applicable law from any recovery of pre- and post-judgment interest, costs, and/or reasonable attorneys' fees.

**EIGHTH DEFENSE**

BVSPC's indemnification and contract breach claims in the Amended Counterclaims are untimely.

**NINTH DEFENSE**

BVSPC has waived the claims in its Amended Counterclaim, including for failing to provide the required written notice under the APA.

**TENTH DEFENSE**

To the extent not covered by the preceding paragraphs and defenses, Versar denies any and all liability in connection with BVSPC's Amended Counterclaim, and to the extent that any allegation contained in the Amended Counterclaim is not expressly admitted in this Answer, it is denied.

**ELEVENTH DEFENSE**

Versar will rely upon all defenses lawfully available to it including, but not limited to, those already asserted in this Answer. Versar also expressly reserves the right to amend this Answer to add additional defenses as discovery and investigation may warrant up to and including at trial.

WHEREFORE, Plaintiff/Counterclaim Defendant Versar Environmental Services, LLC respectfully requests that Defendant/Counterclaim Plaintiff Black & Veatch Special Projects

Corp.'s Amended Counterclaim be dismissed with prejudice, and that Versar be granted such other and further relief as this honorable Court deems just and proper.

Dated: August 28, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Megan Ix Brison*
Megan Ix Brison (No. 6721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
mib@skjlaw.com
dat@skjlaw.com

and

Joseph S. Guarino, Esq. (admitted *pro hac vice*)
Owen S. Walker, Esq. (admitted *pro hac vice*)
Brian M. O'Shea, Esq. (admitted *pro hac vice*)
VARELA LEE METZ GUARINO, LLP
1600 Tysons Blvd., Suite 900
Tysons Corner, VA 22102
Telephone: (703) 454-0170
Email: jguarino@vlmglaw.com
owalker@vlmglaw.com
boshea@vlmglaw.com

*Attorneys for Plaintiff Versar Environmental Services, LLC*